UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MASIMO CORPORATION STOCKHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS. | Lead Case No. 3:24-cv-00781-L-DEB (Consolidated with Case No. 3:24-cv-00868-L-DEB)<br><br>**ORDER DENYING JOINT MOTION FOR DISMISSAL WITH PREJUDICE [ECF NO. 54]** |

Pending before the Court in this consolidated derivative shareholder action is a joint motion to dismiss with prejudice. (ECF No. 54.) As relevant here, Federal Rule of Civil Procedure 23.1(c) provides as follows:

> A derivative action may be … voluntarily dismissed … only with the court's approval. Notice of a proposed … voluntary dismissal … must be given to shareholders … in the manner that the court orders.

The parties seek dismissal without notice. Without citing any binding authority to override the mandatory language of Rule 23.1,[1] they argue that notice is not required because of expense and because, after a merger, no former Masimo Corporation

[1] References to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

("Masimo") shareholder has standing to object or continue this derivative action. For the reasons stated below, the motion is denied.

The parties represent that on June 10, 2026, Masimo merged with Danaher Corporation ("Danaher"), pursuant to which Masimo became a wholly owned subsidiary of Danaher, outstanding shares of Masimo common stock were canceled, and the common shareholders received a right to $180.00 per share.[2]

Rule 23.1 "establishes stringent conditions" for bringing a shareholder derivative suit. *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010).[3]

> **(a) Prerequisites.** This rule applies when one or more shareholders or members of a corporation … bring a derivative action to enforce a right that the corporation … may properly assert but has failed to enforce. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders … who are similarly situated in enforcing the right of the corporation … .

Fed. R. Civ. Proc. 23.1(a). This provision has been interpreted to require

> not only that a derivative plaintiff be a shareholder at the time of the alleged wrongful acts but also that the plaintiff retain ownership of the stock for the duration of the lawsuit—the so-called "continuous ownership requirement." If a shareholder is divested of his or her shares during the pendency of litigation, that shareholder loses standing.

*Quinn*, 620 F.3d at 1012.[4]

---

[2] The parties do not indicate if Masimo had any other class of shareholders.

[3] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

[4] Continuous ownership is required by federal procedural law. *See Quinn*, 620 F.3d at 1013 n.5; *Kona Enterprises, Inc. v. Estate of Bishop*, 179 F.3d 767, 769 (9th Cir. 1999).

In circumstances of corporate merger, however, the former shareholders may retain sufficient interest to assert standing under equitable principles. *See Quinn*, 620 F.3d at 1013. Whether application of equitable principles to confer standing is appropriate depends at least in part on whether the shareholders received sufficient notice of the derivative action and the effect of the merger on the derivative action, the defendants, and shareholders. *See Lewis v. Chiles*, 719 F.2d 1044, 1048 (9th Cir. 1983).

As the joint motion does not negate the possibility of equitable standing, the request for dismissal without notice to former Masimo shareholders is denied.

**IT IS SO ORDERED.**

Dated: August 3, 2026

Hon. M. James Lorenz
United States District Judge